UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR., | No. 2:18-cv-0587-EFB P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| MICHAEL MARTEL, Warden, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff alleges three claims: (1) that while housed at R.J. Donovan Correctional Facility, he became fearful and suicidal upon learning that protective custody inmates like himself, would be integrated with general population inmates, ECF No. 1 at 3; (2) that pursuant to a suicide prevention order, he was sent to Lancaster State Prison, but then returned to R.J. Donovan despite his claims that he would commit suicide there, *id.* at 5; and (3) that staff at R.J. Donovan failed to follow suicide prevention procedures and denied plaintiff adequate medical care following his attempted suicide upon his return, *id.* at 4. As for defendants, plaintiff names the California Department of Corrections and Rehabilitation, Michael Martel (warden of the California Health Care Facility), and Does 1 to 100 (identified as medical staff and employees of R.J. Donovan). *Id.* at 2.

/////

1

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, defendants CDCR and Warden Martel are located in this district. However, none of the claims arose in this district. Two of the three claims arose at R.J. Donovan, which is in the Southern District of California. If and when the R.J. Donovan "Doe" defendants are identified, the defendants, and presumably most of the witnesses, will be located in that district. Therefore, the court finds that the convenience of the parties and witnesses and the interests of justice are better served by transferring this action to the United States District Court for the Southern District of California.

Accordingly, IT IS HEREBY ORDERED that this case is transferred to the Southern District of California. *See* 28 U.S.C. § 1404(a).

Dated: April 18, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE