# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, Jr., CDCR #BE-0659,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL MARTEL, et al.,<br><br>Defendants. | Case No.: 3:18-cv-761-MMA-AGS<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ORDER TO SHOW CAUSE**<br><br>[Doc. No. 57] |

Plaintiff Lonnie Lee Poslof, Jr., a California prisoner proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights by various medical professionals and correctional officials at California State Prison in Lancaster, California, and Richard J. Donovan Correctional Facility in San Diego, California. Plaintiff is currently housed at Mule Creek State Prison in Ione, California. Plaintiff now seeks a temporary restraining order and requests an order to show cause why a preliminary injunction should not be issued against correctional officials at Mule Creek State Prison, whom Plaintiff claims confiscated his legal materials in retaliation for his litigation activities. *See* Doc. No. 57. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

**DISCUSSION**

### 1. Legal Standard

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22.

Requests for prospective relief are further limited by the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right." 18 U.S.C. § 3626(a)(1)(A).

### 2. Analysis

In order to merit immediate injunctive relief, Plaintiff must establish probable success on the merits with respect to his claims. He fails to do so. Plaintiff must also demonstrate that irreparable injury is likely in the absence of an injunction. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Plaintiff fails to make the required showing. According to Plaintiff, at the time he constructively filed the instant motion, he had been without his legal materials for twenty-one (21) days. However, Plaintiff was recently transferred to Mule Creek State Prison from California State Prison in Sacramento, California. Based on his transfer, it was not unreasonable for correctional officials to dispossess Plaintiff of his legal materials for a period of time – three weeks without those materials does not establish irreparable injury.

In addition, a party seeking a preliminary injunction must show a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the

underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*. Plaintiff's legal materials are not the subject of his claims in this action. Most importantly, the Court does not have jurisdiction over the individuals who have custody and control of Plaintiff's legal materials. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983). In other words, the Court's injunction would bind only those persons over which the Court has power, i.e., parties to this action. *Id*. The Court lacks personal jurisdiction over the correctional officials at Mule Creek State Prison and therefore lacks the authority to enjoin their conduct.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's request for preliminary injunctive relief.

**IT IS SO ORDERED**.

DATE: June 12, 2019

HON. MICHAEL M. ANELLO
United States District Judge