UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, Jr., CDCR #BE-0659,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL MARTEL, et al.,<br><br>Defendants. | Case No.: 3:18-cv-761-MMA-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITHOUT PREJUDICE;**<br><br>[Doc. No. 64]<br><br>**DENYING AS MOOT DEFENDANT UMUGBE'S MOTION TO STRIKE**<br><br>[Doc. No. 76] |

Plaintiff Lonnie Lee Poslof, Jr., a California prisoner proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights by various medical professionals and correctional officials. *See* Doc. No. 18. Plaintiff has filed a motion for partial summary judgment as to his Eighth Amendment claims, as well as a supporting declaration. *See* Doc. No. 64. Defendant Umugbe moves to strike certain paragraphs of Plaintiff's supporting declaration. *See* Doc. No. 76. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for partial summary judgment without prejudice and **DENIES AS MOOT** Defendant Umugbe's motion to strike.

1

## DISCUSSION

This action arises out of events occurring as a result of Plaintiff's fear of being placed on a non-designated yard with General Population ("GP") inmates and his resulting suicide attempt. Plaintiff's allegations are recited at length in the Court's May 7, 2019 Order Granting In Part and Denying In Part Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. *See* Doc. No. 43. Plaintiff has filed a Fourth Amended Complaint alleging various Eighth Amendment claims against Defendants Rastegari, Canedo, Torres, and Umugbe. Plaintiff now moves for partial summary judgment as to his inadequate medical care claims against all defendants *See* Doc. No. 64.

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of establishing the basis of its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248.

In applying the standard set forth under Rule 56, district courts must "construe liberally motion papers and pleadings filed by *pro se* inmates and . . . avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). However, as the moving party, a *pro se* litigant cannot establish a sufficient basis for summary judgment simply with unsupported assertions in legal memoranda or generalized references to evidence. *See S.A. Empresa, Etc. v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982); Fed. R. Civ. P. 56(c), (e). And although Federal Rule of Civil Procedure 56 allows a motion for summary judgment to be filed "at any time until

2

3:18-cv-761-MMA-AGS

30 days after the close of all discovery," the rule contemplates that the moving party will support his factual allegations with materials obtained through discovery and the opposing party be allowed the opportunity to pursue discovery prior to responding to a motion for summary judgment. *See* Fed. R. Civ. P. 56(b)-(d).

Here, Plaintiff filed his motion for summary judgment without the benefit of any discovery. He fails to support his motion with any competent evidence demonstrating the absence of a genuine issue of material fact as to whether Defendants violated his Eighth Amendment right to adequate medical care. Plaintiff submits only a sworn declaration consisting of immaterial statements and legal conclusions. In sum, Plaintiff's motion is unsupported by evidence and premature and must be denied on these grounds. *See, e.g., Moore v. Hubbard*, No. 06cv2187, 2009 U.S. Dist. LEXIS 20513, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that pre-discovery motion for summary judgment be denied as premature); *see also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (stating that when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," nonmovants should be permitted to take discovery prior to considering motion for summary judgment).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for partial summary judgment without prejudice and **DENIES AS MOOT** Defendant Umugbe's motion to strike.

**IT IS SO ORDERED**.

DATE: August 29, 2019

HON. MICHAEL M. ANELLO
United States District Judge