**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LONNIE LEE POSLOF, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> PARAMO, et al., <br><br> Defendants. | Case No.: 3:18-cv-761-MMA-AGS <br><br> **ORDER GRANTING DEFENDANT RASTEGARI'S MOTION TO DISMISS** <br><br> [Doc. No. 59] |

Plaintiff Lonnie Lee Poslof, Jr., a California prisoner proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights by various medical professionals and correctional officials. *See* Doc. No. 18. Defendant Dr. Rastegari moves to dismiss Plaintiff's claims against him. *See* Doc. No. 59. Plaintiff filed a response in opposition to the motion. *See* Doc. No. 68. The Court took the motion under submission on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 69. For the reasons set forth below, the Court **GRANTS** Dr. Rastegari's motion to dismiss.

## BACKGROUND[1]

This action arises out of events occurring as a result of Plaintiff's fear of being placed on a non-designated yard with General Population ("GP") inmates and his resulting suicide attempt.

On January 24, 2018, Plaintiff was admitted to a Mental Health Crisis Bed at California State Prison in Lancaster for "psychiatric treatment of suicidal ideations and self-harm" arising out of his fear that a housing transfer "would potentially put his life in danger if he were to return to RJD or any non-designated yard." Doc. No. 52 at 4.[2] Plaintiff received treatment from Dr. Rastegari, who Plaintiff claims discharged him on January 31, 2018 "without making a thorough assessment of [his] emotional state" or an "evaluation of his suicide risk." *Id.* According to Plaintiff, Rastegari advised him there was "nothing they would do for him and if [he] really had enemy concerns," he should "notify the R&R Sergeant at RJD, when he returned." *Id.* Plaintiff was transferred to RJD on the same day, where he attempted to commit suicide after his request to be housed in administrative segregation was denied.

Based on these allegations, Plaintiff brings Eighth Amendment claims against Dr. Rastegari based on his failure to protect Plaintiff from potential harm and his provision of inadequate psychiatric care. Dr. Rastegari moves to dismiss Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976). Plaintiff's allegations against the non-moving defendants are recited in detail in the Court's May 7, 2019 Order Granting In Part and Denying In Part Defendants' Motions to Dismiss Plaintiff's Third Amended Complaint, and will not be repeated here. *See* Doc. No. 43.

[2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

*Pro se* litigants "must be ensured meaningful access to the courts." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc). When the plaintiff is appearing *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)).

### DISCUSSION

Plaintiff brings an Eighth Amendment claim against Dr. Rastegari based on his purported failure to protect Plaintiff from potential harm. "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, i.e., "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) the official is, subjectively, deliberately indifferent to the substantial risk of serious harm. *Farmer*, 511 U.S. at 834. Plaintiff's allegations against Dr. Rastegari establish neither of these requirements, and are more properly considered under the rubric of an Eighth Amendment inadequate medical care claim.

Plaintiff alleges that Dr. Rastegari failed to provide him with adequate psychiatric care. A determination of deliberate indifference involves a two-step analysis consisting of both objective and subjective inquiries. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "First, the plaintiff must demonstrate a serious medical need such that failure to provide treatment could result in further significant injury or unnecessary and wanton infliction of pain. Second, the plaintiff must show that the defendant's response to the medical need was deliberately indifferent." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citations and internal quotations omitted). "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted

4

with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). This requires more than mere misdiagnosis, medical malpractice, or even gross negligence. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

At the first step, Plaintiff adequately alleges the existence of an objectively serious medical need. *See, e.g.*, *Conn v. City of Reno*, 572 F.3d 1047, 1055 (9th Cir. 2009), *judgment vacated on other grounds sub nom. City of Reno v. Conn*, 563 U.S. 915 (2011), *op'n reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011) ("heightened suicide risk or an attempted suicide" constitute serious medical needs). However, at the second step, Plaintiff fails to allege that Dr. Rastegari was deliberately indifferent to Plaintiff's mental health needs. Plaintiff spent a week in the Mental Health Crisis Unit receiving psychiatric care. Plaintiff alleges in a conclusory fashion that Dr. Rastegari failed to make a thorough assessment of Plaintiff's mental state. Plaintiff's disagreement with the quality of Dr. Rastegari's treatment fails to establish deliberate indifference. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim").

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Dr. Rastegari's motion to dismiss and **DISMISSES** Plaintiff's claims against Dr. Rastegari without leave to amend. The Court **DIRECTS** the Clerk of Court to terminate this action as to Dr. Rastegari as of the date this Order is filed.

**IT IS SO ORDERED**.

DATE: September 10, 2019

_____
HON. MICHAEL M. ANELLO
United States District Judge